**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　Plaintiff,　　　　　　 ) | No. CR 10-1942-TUC-CKJ (JJM) |
| 　　　　　　　　　　　　　　　　　) | |
| vs.　　　　　　　　　　　　　　　 ) | **ORDER** |
| 　　　　　　　　　　　　　　　　　) | |
| ANTHONY MARK BOSCARINO,　　　　) | |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　　　　Defendant.　　　　　　 ) | |

Pending before the Court is the Motion for Interlocutory Sale (Doc. 127) filed by the government. Defendant Anthony Mark Boscarino ("Boscarino") has filed a response and the government has filed a reply.

The applicable statute states:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property . . . for forfeiture . . .

21 U.S.C. § 853(e)(1). Indeed, "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed.R.Crim.P. 32.2(b)(7). Pursuant to Rule G(7), Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, "the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or

injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause." *See e.g. United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389-90 (10th Cir. 1997) (because property was subject to deterioration and decay, district court granted Government's motion for interlocutory sale); *United States v. Gianelli*, 594 F.Supp. 2d 148, 150 (D. Mass. 2009) (Section 853(e) authorizes the court to order the interlocutory sale of real property subject to criminal forfeiture to preserve the equity in the property when the defendant stops paying the mortgage, taxes or insurance).

The vehicles seized by the Federal Bureau of Investigation are currently in the custody of the U.S. Marshals Service.[1] The government asserts that, the longer the vehicles sit in storage, the more the vehicles become susceptible to deterioration, decay and depreciation. The government also points out that vehicles have already lost a significant percentage of their market value while sitting in storage (the 2009 Cadillac Escalade has depreciated nearly $7,000 and the 2008 Jaguar has depreciated nearly $2,000). The government also points out that storage and maintenance costs accrue at a rate of $4.25 per day, per vehicle, and that when this case proceeds to trial in July 2012, nearly an additional $1,000 in storage and maintenance charges per vehicle will have accrued.[2]

However, as pointed out by Boscarino, the government acknowledges that the values of the vehicles are not yet disproportional to the maintenance and storage charges (the government asserts that they could become so if the vehicles are held in custody pending the

---

[1]Specifically, the vehicles at issue are one 2008 Jaguar XK8-V8 Convertible, VIN SAJWA44B285B24865, Arizona license plate MJB13; one 2009 Cadillac Escalade, VIN 1GYFK36279R142637, Arizona license plate BOSCRNO; and one 2009 Toyota Avalon, VIN 4T1BK36B59U329632, Arizona license plate AEF1798.

[2]The government asserts that approximately $2,800 of storage and maintenance costs have already accrued for each vehicle.

conclusion of the criminal case).  The Court notes that, in scheduling the current firm trial date of July 10, 2012, the Court was informed that, although extensive pretrial preparation was necessary, a July 2012 trial date was realistic.  In other words, it does not appear that significant time will pass until the trial date, limiting the additional depreciation and costs.

Moreover, the Court agrees with Boscarino that the cases cited by the government are distinguishable from this case.  Indeed, in two of the cases, the property was subject to overdue mortgage payments and taxes.  *See Berryhill Farm Estates* and *Gianelli*.  Moreover, the government cites *United States v. Pelullo*, 178 F.3d 196, 200 (3rd Cir. 1999), for the assertion that an interlocutory sale was ordered over a defendant's objection.  However, in *Pelullo* the defendant had already been sentenced and, again, the forfeitable property included real property for which mortgage payments were not being made.  The issues before that court included the interplay between an automatic bankruptcy stay and forfeiture proceedings.

*United States v. King*, 10 Cr. 122 (JGK), 2010 WL 4739791 (S.D.N.Y. 2010), appears to be the most comparable of the cases cited by the government.  Personal property is at issue and it does not appear that any amounts are owing on the personal property in either *King* or this case.  However, the expenses of keeping the property in *King* were significantly disproportionate to the fair market value.  In its reply in this case, the government has provided information regarding the current value of the vehicles.  However, after reviewing the valuations of the vehicles, the Court cannot conclude in this case that the expense of keeping the property is excessive or is disproportionate to the valuations of the vehicles.

Moreover, although the vehicles are subject to depreciation, as stated earlier, the approaching firm trial date will limit that depreciation.  Boscarino compares this case to *United States v. Maye*, 2011 WL 2533020 (W.D.N.Y. 2011), in which the court stated that "[w]ith a trial in the matter likely to occur within the next several months, any continued diminution in the value of the vehicles and increased storage costs will be negligible in relation to the current value of the vehicles and the costs and depreciation incurred thus far." *Id.*, at *1.  The Court agrees that it appears that any continued diminution of the value of the

vehicles would be negligible in relation to the current value of the vehicles.

Accordingly, IT IS ORDERED the Motion for Interlocutory Sale (Doc. 127) is DENIED without prejudice.

DATED this 27th day of January, 2012.

_____
Cindy K. Jorgenson
United States District Judge